UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RITA ZELAYA,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2409** |
| **WAL-MART, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Defendants Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Stores East, LP (collectively "Walmart") filed a motion for partial summary judgment, seeking dismissal of Plaintiff Rita Zelaya's past wage loss and future earning capacity claims.[1] Plaintiff did not file an opposition.

## BACKGROUND

Plaintiff alleges that, one January 6, 2021, she was walking through a Walmart in Harvey, Louisiana, when suddenly and without warning, she slipped on a puddle of water and fell to the ground.[2] Plaintiff brought suit against Walmart on December 30, 2021, under Louisiana Civil Code articles 2315 and 2317, the general negligence articles, and under Louisiana Revised Statute 9 § 2800.6, Louisiana's statute governing merchant's liability.[3] Plaintiff seeks to recover damages for the severe injuries she alleges she sustained as a result of her fall.[4] Plaintiff seeks damages for the following: (1) bodily injuries; (2) pain and suffering; (3) medical expenses, (4) mental anguish; (5) loss of

---

[1] R. Doc. 83.
[2] R. Doc. 1 at p. 2.
[3] *Id.* at p. 5.
[4] *Id.* at p. 3.

1

enjoyment, (6) property damage; (7) permanent disability; and (8) lost wages and earning capacity.[5]

In Walmart's motion for partial summary judgment, Walmart asks the Court to dismiss Plaintiff's claims only as to her requested damages for lost wages and earning capacity.[6] Plaintiff does not oppose this motion.

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "An issue is material if its resolution could affect the outcome of the action."[8] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[9] All reasonable inferences are drawn in favor of the non-moving party.[10] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[11] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[12]

---

[5] *Id.* at p. 5.
[6] R. Doc. 83.
[7] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[8] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[9] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[10] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[12] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[13]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[14] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[15] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[16]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[17] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary

---

[13] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).
[14] *Celotex*, 477 U.S. at 323.
[15] *Id.* at 331.
[16] *Id.* at 322–24.
[17] *Id.* at 331–32 (Brennan, J., dissenting).

3

judgment must be denied.[18] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[19] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[20]

"In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition."[21] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed."[22] "Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment."[23] "The court has no obligation to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment."[24]

---

[18] *See id.* at 332.
[19] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[20] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[21] *Gonzales v. Abdurasulov*, No. 3:22-cv-00654, 2022 WL 2717633, at *1 (W.D. La. July 13, 2022) (citing *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995)).
[22] *Id.* (citing *Powell v. Delaney*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *5-6 (W.D. Tex. June 14, 2001)).
[23] *Id.* (citing *Powell*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *1).
[24] *Id.* at *2 (quoting *Forsyth*, 19 F.3d at 1533).

judgment must be denied.[18] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[19] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[20]

"In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition."[21] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed."[22] "Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment."[23] "The court has no obligation to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment."[24]

---

[18] *See id.* at 332.
[19] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[20] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[21] *Gonzales v. Abdurasulov*, No. 3:22-cv-00654, 2022 WL 2717633, at *1 (W.D. La. July 13, 2022) (citing *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995)).
[22] *Id.* (citing *Powell v. Delaney*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *5-6 (W.D. Tex. June 14, 2001)).
[23] *Id.* (citing *Powell*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *1).
[24] *Id.* at *2 (quoting *Forsyth*, 19 F.3d at 1533).

**UNDISPUTED FACTS**

Because the instant motion is unopposed, the Court considers Defendant's statement of uncontested facts[25] to be admitted pursuant to Local Rule 56.2. Plaintiff produced no evidence to support her wage claims in her Rule 26(a)(1) Initial Disclosures.[26] Likewise, Plaintiff produced no evidence to support her wage claims in her responses to Defendants' discovery requests.[27] Defendants inquired again in their Second Requests for Production of Documents, and Plaintiff failed to respond.[28] Moreover, when Plaintiff was deposed, Plaintiff could not specifically quantify the amount of damages she was seeking.[29]

**LAW AND ANALYSIS**

Walmart asks the court to "dismiss[] Plaintiff's past wage loss and future earning capacity claims, with prejudice . . . [because] Plaintiff did not supply a Rule 26 computation of damages and there is no evidence in the record to substantiate [Plaintiff's] past wage loss and diminished earning capacity claims, which is required to satisfy her burden of proving these claims with reasonable certainty at trial."[30]

"Under Louisiana law, to recover for past or future earnings, a plaintiff must present evidence that indicates with reasonable certainty that there exists a residual disability causally related to the accident."[31] "As to past lost earnings, a plaintiff must prove lost past earnings by a preponderance of the evidence."[32] That evidence may consist

---

[25] R. Doc. 116-3.
[26] R. Doc. 83-1 at p. 1.
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] R. Doc. 83 at p. 1.
[31] *Durant v. Gretna City*, No. 19-147, 2021 WL 3854857, at *5 (E.D. La. Aug. 27, 2021).
[32] *Id.*

5

of financial records like payroll records, W-2's, tax records, and bank statements."[33] "A claim for loss of earnings need not be proven with mathematical certainty, but only by such proof as reasonably establishes plaintiff's claim. This may consist only of a plaintiff's testimony if considered credible by the trier of fact."[34]

"On the other hand, loss of future earnings are based on the difference between the plaintiff's earning capacity before and after the disabling injury."[35] "Damages should be estimated on the injured person's ability to earn money, rather than what he actually earned before the injury."[36] "Similarly, when awarding damages for loss of earning capacity, a fact finder 'should consider whether and how much plaintiff's current condition disadvantages him in the work force. The fact finder should thus act what plaintiff might be able to have earned but for his injuries and what he may now earn given his resulting condition.'"[37]

It is undisputed that Plaintiff produced no evidence in support of her contention that she is entitled to lost wages or future earnings. Plaintiff produced no evidence to support her wage claims in her Rule 26(a)(1) Initial Disclosures.[38] Nor did Plaintiff produce evidence to support her wage claims in her responses to Defendants' discovery requests.[39] Plaintiff failed to provide payroll records, W-2's, tax records, bank statements, or any other evidence in support of her claim.[40] Moreover, when Plaintiff was deposed, Plaintiff could not specifically quantify the amount of damages she was seeking.[41]

---

[33] *Id.*
[34] *Id.* (quoting *Pierce v. Milford*, 688 So. 2d 1093, 1095 (La. App. 3 Cir. 1996)).
[35] *Id.*
[36] *Id.* (quoting *Folse v. Fakouri*, 371 So. 2d 1120, 1123 (La. 1979)).
[37] *Id.* (quoting *Pierce*, 688 So. 2d at 1095).
[38] R. Doc. 83-1 at p. 1.
[39] *Id.*
[40] *See id.*
[41] *Id.*

Moreover, "[t]he court has no obligation to 'sift through the record in search of evidence' to support [Plaintiff's] opposition to the motion for summary judgment," and refrains to do so here.[42]

Accordingly, because Plaintiff failed to provide any evidence to support her claims that she is entitled to lost wages and future earnings, Walmart's motion for partial summary judgment should be granted.

## CONCLUSION

**IT IS ORDERED** that Defendants' motion for partial summary judgment is **GRANTED** with respect to Plaintiff's past wages loss and future earning capacity claims.[43]

New Orleans, Louisiana, this 1st day of May, 2023.

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[42] *Gonzales*, No. 3:22-cv-00654, 2022 WL 2717633, at *2 (quoting *Forsyth*, 19 F.3d at 1533).
[43] R. Doc. 83.