UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RITA ZELAYA,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2409** |
| **WAL-MART, INC., ET AL.,**<br>**Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment by Defendants Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Stores East, LP (collectively "Walmart").[1] Plaintiff filed an opposition.[2] Walmart replied.[3] The Court held oral argument on the motion on March 28, 2023.[4]

## BACKGROUND

Plaintiff alleges that, on January 6, 2021, she was walking through the produce section of a Walmart store in Harvey, Louisiana, when suddenly and without warning, she slipped on a puddle of water and fell to the ground.[5] Plaintiff brought suit against Walmart on December 30, 2021, under Louisiana Civil Code articles 2315 and 2317, the general negligence articles, and under Louisiana Revised Statute 9 § 2800.6, Louisiana's statute governing merchant's liability.[6] Plaintiff seeks to recover damages for the severe injuries she alleges she sustained as a result of her fall.[7] Plaintiff seeks damages for the following: (1) bodily injuries; (2) pain and suffering; (3) medical expenses, (4) mental anguish; (5) loss of enjoyment, (6) property damage; (7) permanent disability; and (8) lost wages and

---

[1] R. Doc. 41.
[2] R. Doc. 54.
[3] R. Doc. 62.
[4] R. Doc. 76.
[5] R. Doc. 1 at p. 2.
[6] *Id.* at p. 5.
[7] *Id.* at p. 3.

1

earning capacity.[8] On January 17, 2023, Walmart filed the instant motion for summary judgment.[9]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "An issue is material if its resolution could affect the outcome of the action."[11] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[12] All reasonable inferences are drawn in favor of the non-moving party.[13] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[14] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[15]

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[16]

---

[8] *Id.* at p. 5.
[9] R. Doc. 41.
[10] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[11] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[13] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[15] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[16] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[17] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[18] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[19]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[20] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[21] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[22] "[U]nsubstantiated

---

[17] *Celotex*, 477 U.S. at 323.
[18] *Id.* at 331.
[19] *Id.* at 322–24.
[20] *Id.* at 331–32 (Brennan, J., dissenting).
[21] *See id.* at 332.
[22] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving

3

assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[23]

## UNDISPUTED FACTS

It is undisputed that Plaintiff claims that while shopping in the produce section on January 6, 2021, she slipped and fell in a puddle of water.[24] Walmart stipulated for purposes of this motion that water was present and was an unreasonably dangerous condition that caused Plaintiff to fall.[25] Plaintiff's fall was captured by video surveillance.[26] The liquid on which Plaintiff alleges she fell is not visible in the video footage.[27]

It is further undisputed that Plaintiff saw no water on the floor before she fell, noticing the water on the floor for the first time after her fall.[28] Plaintiff described the liquid as being clear in color, with no footprints, cart tracks, or other markings in it.[29]

Plaintiff testified at her deposition that she did not know from where the liquid came or the source of the spill.[30] Plaintiff did not see anyone drop anything on the floor in the area where she fell.[31] Further, Plaintiff testified in her deposition she had "no idea how

---

party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[23] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[24] R. Doc. 41-1 at p. 1; R. Doc. 70 at p. 1.
[25] R. Doc. 41-1 at p. 1 n.1.
[26] R. Doc. 41-1 at p. 1; R. Doc. 70 at p. 1.
[27] *Id.*
[28] R. Doc 41 at p. 1; R. Doc. 70 at p. 2.
[29] R. Doc. 41 at p. 2; R. Doc. 70 at p. 3.
[30] *Id.*
[31] *Id.*

4

long that water was there for" or what time it could first be noticed.[32] Finally, it is undisputed that, twenty-two minutes before her fall, the area was swept by an automatic scrubber.[33]

## DISPUTED FACTS

The following facts are disputed. It is disputed whether the video footage shows the floor where Plaintiff fell, whether the video footage shows anyone creating the spill, and whether the video footage shows how long the spill was present.[34] Further, it is disputed whether any water was dripping from the nearby crate or cart where Walmart employees were stocking produce.[35]

## LAW AND ANALYSIS

At the outset, because the parties invoke this Court's subject matter jurisdiction on the basis of the existence of diversity of citizenship between the parties,[36] the Court must determine whether to apply state or federal law. "Where federal jurisdiction, as here, is based on diversity, [the Court] applies the substantive law of the forum state—[Louisiana]."[37]

Walmart moves for summary judgment, arguing the undisputed facts show Plaintiff is unable to prove the second element of Louisiana's merchant liability statute, Louisiana Revised Statute 9:2800.6(b)(2)—that Walmart either created or had actual or constructive notice of any spill in its produce department.[38] Under Louisiana Revised Statute 9:2800.6(b)(2), "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe

---

[32] *Id.*
[33] R. Doc. 41-1 at p. 2; R. Doc. 70 at p. 4.
[34] R. Doc. 41-1 at p. 1; R. Doc. 70 at pp. 1-2.
[35] R. Doc. 41-1 at p. 2; R. Doc. 70 at p. 3.
[36] R. Doc. 1.
[37] *Pearson v. BP Products North America, Inc.*, 449 Fed. Appx. 389, 390 (5th Cir. 2011).
[38] R. Doc. 83.

condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage."[39] A plaintiff in a slip and fall action has the burden of proving the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[40]

The statute includes the following definitional provisions:

> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
> (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.[41]

Defendant faces a difficult burden at the summary judgment stage, particularly because this is a personal injury case involving a negligence-based claim. Rule 56 states, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[42] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[43] All reasonable inferences are drawn in favor of the non-moving

---

[39] La. R.S. § 9:2800.6.
[40] *Id.*
[41] *Id.*
[42] FED. R. CIV. P. 56(a).
[43] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir.2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150–51 (2000).

party.[44] "The use of summary judgment is rarely appropriate in negligence . . . cases, even where the material facts are not disputed."[45] As the Fifth Circuit has explained:

> Because of the peculiarly elusive nature of the term "negligence" and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[46]

Thus, a court will grant summary judgment in a negligence case only in "rare circumstances."[47] The Court finds the facts presented by the instant motion do not raise such rare circumstances that summary judgment is appropriate.

There exists a genuine dispute as to whether Walmart created the hazardous condition. "To prove a merchant created a condition that caused an accident, there must be proof that the merchant, and not a store patron, is directly responsible for the hazardous condition."[48] Plaintiff has presented video footage showing Walmart employees walking around in the area where Plaintiff fell, stocking produce on a "wet wall," where fresh produce is kept.[49] The video footage shows two Walmart employees walking back and forth for several minutes from a cart to the wet wall.[50] The video also shows a Walmart employee dropping a package of produce to the ground near the area where Plaintiff fell.[51] Plaintiff testified in her deposition, prior to seeing the Walmart

---

[44] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).
[45] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338–39 (5th Cir. 1983) (citing *Marsden v. Patane*, 380 F.2d 489, 491 (5th Cir. 1967); *Gross v. Southern Railway Co.*, 414 F.2d 292, 296 (5th Cir.1969); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970); *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 78 (5th Cir. 1981); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2729 at 195 (1983)).
[46] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).
[47] *Davidson*, 718 F.2d at 1339 & n.8 ("In tort actions in which determinations of a less "elusive nature," such as the existence of an agency relationship, waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate." (citing 10A Wright, § 2729 at 197–201)); *see also Keating v. Jones Development of Mo., Inc.*, 398 F.2d 1011, 1015 (5th Cir. 1968) ("Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation.").
[48] *Bradley v. Wal-Mart La., LLC*, 340 So. 3d 18, 22 (La. App. 1 Cir. 2021).
[49] R. Doc. 70 at p. 4.
[50] *Id.*
[51] *Id.*

7

surveillance footage, that it was possible the water may have been the result of the stocking activities Walmart employees were conducting nearby.[52] In contrast, the footage does not, in the court's view, show patrons creating the hazardous condition. As this Court has previously held,[53] "[t]he cause of Plaintiff's fall need only be 'more likely than any other potential scenario.'"[54]

The testimony of Plaintiff, together with the surveillance footage, establishes a genuine issue of material fact exists as to whether Walmart employees caused the dangerous condition. This is a question of fact for the jury.[55] Accordingly, Plaintiff has raised a genuine dispute as to whether Walmart's stocking activities created the puddle, and this material factual dispute precludes summary judgment.[56]

## CONCLUSION

**IT IS ORDERED** that Defendants' motion for summary judgment is **DENIED**.[57]

**New Orleans, Louisiana, this 3rd day of May, 2023.**

            _____
                       **SUSIE MORGAN**
            **UNITED STATES DISTRICT JUDGE**

---

[52] *Id.* at p. 5; R. Doc. 41-3 at pp. 76-77, 92-93.
[53] *Boutian v. Walmart, Inc.*, No. 20-2881, 2021 WL 4243311 (E.D. La. Sept. 17, 2021).
[54] *Bagley*, 492 F.3d at 330 (quoting *Allen*, No. 37,352, at p. 7; 850 So. 2d at 899).
[55] *Id.* at 331 (citing *Allen*, No. 37,352, at p. 5; 850 So. 2d at 898).
[56] Because the Court has found there is a genuine dispute of material fact as to whether Walmart created the spill, the Court need not consider whether there is a genuine dispute of material fact as to whether Walmart had constructive notice of the spill.
[57] R. Doc. 41.